# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Hamed Salimabadi,<br><br>   Petitioner<br><br>v.<br><br>Kristi Noem, *et al.*,<br><br>   Respondents | Case No.: 2:25-cv-02508-JAD-DJA<br><br>**Order** |

Petitioner, Hamed Salimabadi, an immigration detainee who is challenging the lawfulness of his federal detention at Nevada Southern Detention Center after a final order of removal has been issued, has filed a petition for writ of habeas corpus challenging the lawfulness of his detention.[1] Salimabadi is represented by counsel and has paid the filing fee.[2]

Having conducted a preliminary review of the habeas petition, I direct that the petition be served on the respondents, and I order the respondents to file a response.

IT IS THEREFORE ORDERED that the Clerk of Court is directed to:

1. **ELECTRONICALLY SERVE** upon the Federal Public Defender for the District of Nevada a copy of this order and a copy of the petition for writ of habeas corpus (ECF No. 1).

2. **DELIVER** a copy of the petition for writ of habeas corpus (ECF No. 1) and this order to the U.S. Marshal for service.

---

[1] ECF No. 1.
[2] *Id.*

3. **ADD** the United States Attorney for the District of Nevada to the docket as an Interested Party.

4. **SEND**, through CM/ECF, a copy of the Petition (ECF No. 1) and this order to the United States Attorney's Office for the District of Nevada at Sigal.Chattah@usdoj.gov, summer.johnson@usdoj.gov, Veronica.criste@usdoj.gov, and caseview.ecf@usdoj.gov, in accordance with Federal Rule of Civil Procedure (FRCP) 5(b)(2)(E).

5. **MAIL** a copy of the petition (ECF No. 1) and this order in accordance with FRCP 4(i)(2) to:

   1) Kristi Noem, Secretary, United States Department of Homeland Security, 245 Murray Lane SW, Washington, DC 20528

   2) Pamela Bondi, Attorney General of the United States, 950 Pennsylvania Avenue, NW, Washington, DC 20530

   3) Todd Lyons, Director, United States Immigration and Customs Enforcement, Department of Homeland Security, 500 12th St. SW, Washington, DC 20536

   4) Jason Knight, Acting Field Office Director, Salt Lake City Field Office, U.S. Immigration & Customs Enforcement, 2975 Decker Lake Drive Suite 100, West Valley City, UT 84119-6096

   5) Marcos Charles, Acting Executive Associate Director, Enforcement and Removal Operations, U.S. Immigration & Customs Enforcement, 500 12th Street, SW, Washington, DC 20536

   6) John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave., Pahrump, NV 89060

IT IS FURTHER ORDERED that the U.S. Marshal is directed to **SERVE** a copy of the petition (ECF No. 1) and this order on the United States Attorney for the District of Nevada or

on an Assistant United States Attorney or clerical employee designated by the United States Attorney pursuant to FRCP 4(i)(1)(A)(i).

    IT IS FURTHER ORDERED that counsel for respondents must file a notice of appearance within 2 days of the date of this order and file and serve their response to the petition within 7 days of the date of this order, unless additional time is allowed for good cause shown. The respondents must file any documents referenced or relied upon in their responsive pleading with that pleading.[3]  Petitioner will then have 7 days to file a reply.

    IT IS FURTHER ORDERED that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible.  Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension.  Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

    IT IS FURTHER ORDERED that the respondents must not transfer the petitioner out of this district, with the exception of effectuating the petitioner's lawful deportation.[4]

_____
U.S. District Judge Jennifer A. Dorsey
December 19, 2025

---

[3] *See Harris v. Nelson*, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a prima facie case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'" (citing 28 U.S.C. § 2243)).

[4] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").